NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

03-1997

MICHAEL SNISCAK; GARY M. STRAMAGLIA;
GARY R. KAMBECK; ROGER B. ENGLAND;
MARK D. CIESLA; EDWARD DOBROSKY, JR.;
KENNETH J. MCCORMICK, III; ROBERT MCCARTHY;
MICHAEL C. SCHUTTA; ROBERT LUDWIG;
LAURENCE R. HESS, III; MICKEY B. KIRK;
RAYMOND A. NOLTE; DAVID M. MALINA;
DOUGLAS A. BROWNLIE;
DAVID DELESKY; DALE JOHNSON,

FILED
7 2004
AT 8:30
WILLIAM T. WALSH
CLERK

Appellants

v.

BOROUGH OF RARITAN

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 99-cv-05326)
District Judge: Honorable Dickinson R. Debevoise

Argued November 18, 2003

Before: RENDELL, BARRY, and CHERTOFF, Circuit Judges

(Filed December 11, 2003)

Stephen E. Klausner [ARGUED]
Klausner & Hunter
63 East High Street
P. O. Box 1012
Somerville, NJ 08876

*Counsel for Appellants*
*Michael Sniscak; Gary M. Stramaglia; Gary R. Kambeck; Roger B. England; Mark D. Ciesla; Edward Dobrosky, Jr.; Kenneth J. McCormick, III; Robert McCarthy; Michael C. Schutta; Robert Ludwig; Laurence R. Hess, III; Mickey B. Kirk; Raymond A. Nolte; David M. Malina; Douglas A. Brownlie; David Delesky; Dale Johnson*

Steven S. Glickman [ARGUED]
Ruderman & Glickman
675 Morris Avenue, Suite 100
Springfield, NJ 07081

*Counsel for Appellee*
*Borough of Raritan*

---

OPINION OF THE COURT

---

RENDELL, Circuit Judge.

Michael Sniscak, et al. ("Plaintiffs"), appeal the District Court's grant of summary judgment to the Borough of Raritan ("Raritan") on Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") and 42 U.S.C. § 1983. We will affirm.

The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's final order.

As we write solely for the parties, we recite only those facts necessary to our analysis. Plaintiffs, who are police officers for the Raritan Police Department, alleged that they each were denied overtime pay at various points between 1990 and 2000 in violation of the FLSA, 29 U.S.C. § 207(a)(1). Plaintiffs further alleged that Raritan failed to compensate them for 80 hours of regular pay and overtime in 1999, in violation of the FLSA and a deprivation of property under 42 U.S.C. § 1983. Finally, Plaintiffs claimed that the FLSA's statute of limitations was equitably tolled because Raritan did not post the requisite Department of Labor notice used to apprise employees of their FLSA-related rights. The District Court held that Plaintiffs did not produce evidence sufficient to create a genuine issue of material fact with respect to each of these claims. We review the District Court's grant of summary judgment *de novo*. Spinetti v. Serv. Corp. Int'l, 324 F.3d 212, 215 (3d Cir. 2003).

With respect to the FLSA claims, Plaintiffs bore the burden of proving that they performed work for which they were not compensated. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946). The District Court held that Plaintiffs did not produce evidence to prove that they were denied remuneration, either overtime pay in various years or the 80 hours of salaried pay in 1999. While Raritan submitted voluminous payroll records seeking to show that Plaintiffs were properly compensated, Plaintiffs' blanket allegation that certain amounts were still owed to them was never connected to a single payroll record, timesheet, or other documentary evidence. Accordingly, no genuine issue of material fact was created and summary judgment was entirely proper. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

On appeal, Plaintiffs raise two specific objections. First, the District Court had observed that in the Final Pretrial Order, Plaintiffs themselves stipulated to receiving all contractually obligated overtime pay. In their appeal, Plaintiffs argue that the stipulation was a clerical mistake and the District Court's reliance on it a reversible error. Even were we to credit that argument, such that the order should have reflected this issue as disputed, the record is simply bereft of any evidence that Plaintiffs were denied compensation. Indeed, Plaintiffs testified in depositions that they actually received their contractually obligated wages and overtime pay. This objection, therefore, is to no avail.

Second, Plaintiffs contend that the District Court improperly considered the certifications of Carolyn Gara, Raritan's current Chief Financial Officer (whose name

does not appear in the Final Pretrial Order), and the supporting payroll documentation attached to Gara's certifications. Departures from and adherence to pretrial orders are matters within the discretion of the trial judge and accordingly we review for an abuse of that discretion. Beissel v. Pittsburgh & Lake Erie R.R. Co., 801 F.2d 143, 150 (3d Cir. 1986). We cannot fault the District Court for considering these submissions since Gara offered testimony necessary to understand the payroll process at the Police Department, and absent the accompanying payroll records, there was no way to evaluate Plaintiffs' claims of lost wages and overtime pay. Accordingly, the District Court did not abuse its discretion in this regard.[1]

Finally, because we agree with the District Court's conclusion that Plaintiffs did not present evidence sufficient to survive summary judgment, we need not pass on Plaintiffs' arguments with respect to equitable tolling.

Because Plaintiffs' claims were properly dismissed by the District Court, we will AFFIRM.

[1]We also note that the District Court properly granted summary judgment to Raritan with respect to Plaintiffs' § 1983 claim of unpaid wages in 1999. It is clear that both Plaintiffs'§ 1983 and FLSA claims were predicated on lost wages and overtime. Absent supporting evidence of denied compensation, both claims fail. The District Court accordingly did not err in granting summary judgment to Raritan on the Plaintiffs' § 1983 claim as well.

---

TO THE CLERK OF COURT:

Please file the foregoing Not Precedential Opinion.

*/s/ Marjorie O. Rendell*
Circuit Judge